IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| RODERICKUS DEQUAN BROWN #250 938 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-487-WKW (WO) |
| M.C.D.F. | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility located in Clayton, Alabama, filed this 42 U.S.C. § 1983 action on June 4, 2007. He complains that while incarcerated at the Montgomery County Detention Facility he received negligent treatment with regard to an infection on his leg caused by either a staph infection or a spider bite. The Montgomery County Detention Facility is the named defendant.

Upon review of the complaint, the court concludes that dismissal of the complaint against the detention facility prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

The Montgomery County Detention Facility is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.

1992). In light of the foregoing, the court concludes that Plaintiff's complaint against this defendant is due to be dismissed.[1] *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **June 19, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

[1] The court further notes that the law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiff's allegation that he was treated negligently at the Montgomery County Detention Facility when he experienced a delay in receiving medical treatment asserts only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. *See also Hill v. Dekalb Regional Youth Detention Ctr.,* 40 F.3d 1176, 1188 (11th Cir. 1994) (inmate must put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment). The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Whitley v. Albers,* 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety").

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 7th day of June 2007.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE